UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA DONLEY<br><br>Plaintiff<br><br>vs.<br><br>CENTRAL PORTFOLIO<br>CONTROL INC.<br><br>Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Patricia Donley, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Patricia Donley, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

### III. PARTIES

4. Plaintiff, Patricia Donley, is an adult natural person residing at 125 Spring Lake Drive #4, Erlanger, KY 41018. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Central Portfolio Control Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Kentucky and the state of New Jersey with a registered office located at 1820 Bear Tavern Road, Trenton, New Jersey 08560, and a primary location located at 16526 W. 78th Street #107, Eden Prairie, MN 55346-4302.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around early May, 2010, Plaintiff began receiving calls from Defendant's agent, "Joseph D. Wolf", collecting on an alleged debt owed to Credit One Bank.

8. The debt was said to be for approximately $1,186.64.

9. On one of the earliest calls from Defendant's agent, "Joseph D. Wolf", Plaintiff was told that if she failed to make a payment that they would ruin her credit.

10. Plaintiff was extremely upset and ended the call.

11. On or about June 2, 2010, at approximately 9:36 pm, Plaintiff received another call from Defendant's agent, "Joseph D. Wolf", called and demanded that the Plaintiff make payment arrangements on this account.

12. Plaintiff informed Defendant's agent that she had retained the services of the law firm Persels & Associates, LLC and that they would need to call them directly and speak with her attorney on this matter.

13. Defendant's agent stated that it didn't matter; he was not going to call them.

14. On or about June 3, 2010, Defendant did in fact call Persels to discuss Plaintiff's account.

15. Defendant's agent, "Joseph D. Wolf", became irate with representative at Persels when he could not get payment on the above account mentioned out of them.

16. Defendant's agent, hung-up on Persels representative.

17. Persels received a second call from Defendant's agent who told the representative who answered that he wanted to choke the first girl that he spoke with.

18. On or about that same day, June 3, 2010, the law firm of Persels & Associates, LLC sent a "cease & desist" letter to the Defendant informing them again that they are representing the Plaintiff and that any further calls needed to go directly to their firm. **See Exhibit "A" (letter) attached hereto**.

19. Later on that same day, Defendant's agent, "Joseph D. Wolf", called the Plaintiff back again asking for the account to be paid just after speaking to the law firm representing the Plaintiff.

20. On or about June 4, 2010, Plaintiff received another call from Defendant.

21. As of June 9, 2010, Plaintiff has continued to get calls every day from Defendant wanting to set up payment arrangements on this account.

22. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

23. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

24. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

25. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

20. The above paragraphs are hereby incorporated herein by reference.

21. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6) | Placed telephone calls without disclosing his/her identity |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

      §§ 1692f      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Central Portfolio Control Inc., for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: June 11, 2010    BY:  */s/ Bruce K. Warren*
                              Bruce K. Warren, Esquire

                              */s/ Brent F. Vullings*
                              Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff